**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUDEAMUS INC. a California corporation, dba SEBASTIAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BAXTER CONSTRUCTION COMPANY, INC., a limited liability company; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, and DOES 1 through 25,<br><br>　　　　　Defendants. | 1:20-cv-01333 JLT SKO<br><br>ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE AND TRANSFERRING THE MATTER TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA<br><br>(Doc. 7) |

Audeamus, Inc., d.b.a. Sebastian, and Baxter Construction Company entered into a subcontract whereby Audeamus was to provide electrical labor and services in exchange for payment by Baxter. Audeamus alleges it was never paid for the labor, equipment, and services provided and sues Baxter for damages. (Doc. 7.)

Baxter asserts the contract between the parties included a forum selection clause and seeks to transfer the matter to the Southern District of Iowa as required by the clause. (Doc. 17.) In the alternative, Baxter requests the Court transfer the matter to the Southern District of Iowa pursuant to 28 U.S.C. § 1404(a). (*Id*.) Audeamus opposes the motion, asserting the forum selection clause is unenforceable and the Southern District of Iowa is not a convenient forum. (Doc. 27.) The Court finds

1

the matter suitable for decision without oral arguments, and no hearing date will be set pursuant to Local Rule 230(g) and General Order 618. For the reasons set forth below, Baxter's motion to transfer venue to the Southern District of Iowa is **GRANTED**.

**I.     Background**

Audeamus is a California corporation and licensed contractor doing business in Fresno County, California. (Doc. 7 at ¶¶ 1, 2.) Baxter asserts it is a construction company with its principal place of business in Fort Madison, Iowa. (Doc. 19 at ¶ 2.) Audeamus alleges that on or about March 6, 2019, Baxter and Audeamus entered into a Subcontractor Agreement for Audeamus to provide electrical and low voltage packages in connection with the construction of the Home (2) Suites Hotel by Hilton in Clovis, California in exchange for payment by Baxter. (Doc. 7 at ¶¶ 8, 19; Doc. 19 at 6-21.) Audeamus asserts the Agreement was signed by the parties on April 22, 2019. (Doc. 7 at ¶ 8.) The Agreement contained a forum selection clause. (Doc. 19 at 18.) Specifically, Section 17.1 of the parties' Subcontractor Agreement states, in relevant part, "The law of the State of Iowa shall govern any controversy arising out of or in connection with this Agreement. Contractor and Subcontractor consent to the jurisdiction of the Iowa District Court in and for Lee County at Fort Madison, Iowa for the resolution of all matters unless the contract between Owner and Contractor provides for arbitration..." (*Id*.) The Agreement lists Baxter as the contractor and Audeamus as the subcontractor. (*Id*. at 6.) Baxter alleges the prime contract between the Owner and Baxter does not provide for mandatory arbitration. (Doc. 17 at 10.)

Audeamus alleges that under the Agreement, Baxter was to "provide clear plans and specifications and unfettered access to the Project, among other obligations." (Doc. 7 at ¶ 8.) Audeamus asserts that between late May of 2019 through March of 2020, and according to Baxter's instructions, Audeamus furnished labor, materials, equipment, and men to perform its work. (*See id*. at ¶¶ 10-11.) Audeamus alleges the Project was substantially completed on or about March 27, 2020. (*Id*. at ¶ 15.) Audeamus asserts the value of labor, materials, and equipment furnished by Audeamus has an approximate value of $856,424.25 and this amount remains unpaid by Baxter. (*Id*. at ¶ 14.) Audeamus alleges it filed a Mechanic's Lien on May 19, 2020, and Baxter secured a release bond on the lien on or about July 17, 2020. (*Id*. at ¶¶ 15-16.)

Based on these allegations, Audeamus asserts claims against Baxter for (1) breach of contract, (2) account stated, (3) open book account, and (4) quantum meruit. (*See* Doc. 7 at ¶¶ 18-23, 30-40.) On October 9, 2020, Baxter filed a motion to transfer venue to the Southern District of Iowa pursuant to 28 U.S.C. § 1404(a) and the parties' forum selection clause. (Doc. 17.) Audeamus filed an opposition on November 17, 2020. (Doc. 27.) On November 24, 2020, Baxter filed a reply. (Doc. 28.)

## II.     Legal Standard

In considering a motion to change venue, "[t]he presence of a forum-selection clause…will be a significant factor that figures centrally in the district court's calculus." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). A valid forum selection clause constitutes the parties' agreement as to the most proper forum. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013). The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Stewart*, 487 U.S. at 33. Thus, the "court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine*, 571 U.S. at 62; *see also Stewart*, 487 U.S. at 33 ("authority and prerogative of the federal courts…should be exercised so that a valid forum-selection clause is given controlling weight in all but the most exceptional cases"). "A forum-selection clause…may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Atl. Marine*, 571 U.S. at 66.

When a party seeks to defeat the forum selection clause, that party bears the burden of demonstrating "that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine*, 571 U.S. at 63. To defeat the clause, the party must demonstrate that enforcing it is unreasonable. The Court will find the clause to be unreasonable if: (1) its incorporation into the contract was the "result of fraud, undue influence, or overweening bargaining power;" (2) the selected forum is so inconvenient that "the complaining party will for all practical purposes be deprived of its day in court;" or (3) "enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (citing *M/S Bremen v.*

*Zapata Off-Shore Co.*, 407 U.S. 1 at 12–13, 15, 18 (1972) (internal quotation marks omitted)).

**III.     Discussion and Analysis**

    **A.     Existence of Forum Selection Clause**

Section 17.1 of the parties' Agreement contained a forum selection clause. (Doc. 19 at 18.) Audeamus asserts the Agreement was signed by both parties and executed no later than April 22, 2019. (*See* Doc. 7 at ¶ 8; Doc. 27 at 2.) Baxter asserts the Agreement was "carefully negotiated by both parties over a period of weeks." (Doc. 17 at 8.) Thus, it does not appear that the existence of a forum selection clause is challenged.

    **B.     Presence of Fraud or Undue Influence**

"[F]orum-selection clauses should control except in unusual cases." *Atl. Marine*, 571 U.S. at 51. While what is considered unusual, extraordinary, or exceptional was not addressed in *Atlantic Marine*, the Supreme Court in *Bremen* held fraud or overreaching in negotiating a contract invalidates the forum selection clause. *Bremen*, 407 U.S. at 15. Audeamus does not allege fraud or overreaching. (*See* Doc. 7.) In fact, Baxter asserts the parties negotiated over a period of weeks and when Audeamus returned the proposed contract to Baxter on March 28, 2019, there were 59 red-line mark-ups made by Audeamus, of which 57 were resolved in a conference call between the parties. (Doc. 17 at 8, 13-14.) None of the mark-ups involved the parties' forum selection clause found in Section 17. (*Id*. at 19.)

    **C.     Inconvenience of Southern District of Iowa**

Being that Audeamus seeks to defeat the forum selection clause, Audeamus bears the burden of demonstrating that Iowa is an unwarranted forum. *Atl. Marine*, 571 U.S. at 63. Notably, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id*. at 64.

        1.     Audeamus has not met its burden

Both parties rely on factors[1] as set forth in *Jones v. GNC Franchising, Inc.,* 211 F.3d 495 (9th

---

[1] The *Jones* factors are: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in

4

Cir. 2000) in arguing the appropriateness (or lack thereof) in transferring the matter to Iowa. (Doc. 17 at 12; Doc. 27 at 7.) However, the Supreme Court has since set forth the appropriate factors to consider in a typical § 1404 analysis.[2] The Court further specified that "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Atl. Marine*, 571 U.S. at 64. Thus, absent a showing that suit in Iowa would be so "manifestly and gravely" difficult as to deprive Audeamus of its day in court, such as forcing the parties to litigate their disputes in a "remote alien forum", the forum selection clause is likely enforceable. *Bremen*, 407 U.S. at 16, 19. In *Bremen*, the Supreme Court held that if it can be said "with reasonable assurance" that the parties freely negotiated and contemplated inconvenience, "it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable." *Id*. at 16. Audeamus and Baxter negotiated over the course of weeks. (Doc. 17 at 13-15; *see also* Doc. 27 at 7-8.) Both parties appear to concede the Agreement was freely negotiated and contemplated, as evidenced by the numerous mark-ups and amendments, which did not include amendments to the forum selection clause. (*See* Doc. 17 at 14; *see generally* Doc. 27.)

Audeamus asserts that because it signed the Agreement in California, it is incorporated in California, its principal place of business is in California, most witnesses are in California, and the subcontract was performed in California, the matter should be tried in California and California law should apply. (Doc. 27 at 9.) On the other hand, Baxter asserts the Agreement was formed in Iowa, Baxter is incorporated in Iowa, numerous witnesses are in Iowa, partial performance was to occur in Iowa, and alleged breaches of the Agreement occurred in Iowa. (Doc. 17 at 15.) Baxter argues that "Plaintiff's right, if any, to collect an alleged balance due from Defendant…can be readily determined

---

the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones*, 211 F.3d at 498-99.

[2] Factors relating to the parties' private interests include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law. The Court must also give some weight to the plaintiffs' choice of forum. *Atl. Marine*, 571 U.S. 49, 63, n. 6 (internal citations and quotations omitted).

by an Iowa court, which has an interest in having this controversy decided in Iowa, applying Iowa law." (*Id*. at 15-16.) Baxter further argues, "Iowa has an interest in protecting its residents against breach of a contract by a nonresident." (*Id*. at 16, 25.)

Notably, Audeamus raises no arguments in support of its position that it would suffer such grave difficulty by litigating in Iowa as to deprive Audeamus of its day in court. As such, Audeamus has not met its burden of showing the heightened level of inconvenience it would suffer by being bound by terms of the Agreement, including the forum selection clause, that it freely negotiated and agreed to.

### 2. Transferee court's choice-of-law rules apply

Without relying on authority, Audeamus asserts that California is "certainly more familiar with California law and its application." (Doc. 27 at 9.) In *Atlantic Marine,* the Supreme Court addressed the lower court's misplaced belief that the federal court sitting in Virginia would have been required to apply Texas' choice-of-law rules. *Atl. Marine*, 571 U.S. at 67. As such, the Court held that this reduced any weight the District Court gave "to the public-interest factor that looks to the familiarity of the transferee court with the applicable law." *Id*. Thus, the transferee court—in this case, Iowa—would apply Iowa choice-of-law rules.

### 3. Audeamus' choice of forum merits no weight

Audeamus relies on a "typical" § 1404(a) analysis—that is, one without a forum selection clause—in asserting that its choice of forum should be accorded great weight. (*See* Doc. 27 at 9-10.) The Supreme Court in *Atlantic Marine* explained why Audeamus' choice of forum merits no weight:

> Because plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations), we have termed their selection the 'plaintiff's venue privilege.' (quoting *Van Dusen,* 376 U.S. at 635). But when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises. Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed.

*Atl. Marine*, 571 U.S. at 63-64.

*Atlantic Marine* dealt with a contractor and subcontractor who agreed through a forum selection clause to litigate disputes in Virginia. *Atl. Marine*, 571 U.S. at 49. When the case was brought in Texas and Atlantic Marine moved the court to transfer the matter to Virginia, the court declined to give

6

weight to the plaintiff's original choice of forum—Texas. *Id*. at 63-64. Similarly, Audeamus brought its case in California and now argues the matter should remain in California because it was Audeamus' original choice of forum. (Doc. 17 at 10.) However, Audeamus agreed to Iowa as the forum for litigating controversies and exercised its venue privilege by not amending, challenging, or even suggesting that the forum not be Iowa. Accordingly, Audeamus' arguments related to the force owed to its original choice of forum are not considered.

### D.    Public Policy of California

#### 1.    Enforceability pursuant to California Code of Civil Procedure § 410.42

In its opposition, Audeamus argues that California Code of Civil Procedure § 410.42 renders the parties' forum selection clause unenforceable. (Doc. 27 at 4-5.) Section 410.42 provides:

> (a) The following provisions of a contract between the contractor and a subcontractor with principal offices in this state, for the construction of a public or private work of improvement in this state, shall be void and unenforceable:
>
> (1) A provision which purports to require any dispute between the parties to be litigated, arbitrated, or otherwise determined outside this state.
>
> (2) A provision which purports to preclude a party from commencing such a proceeding or obtaining a judgment or other resolution in this state or the courts of this state.

Cal. Code Civ. Proc. § 410.42.

In diversity suits, federal district courts should apply state law to substantive issues and federal law to procedural issues. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). The Supreme Court determined federal law governs the validity of a forum selection clause in diversity cases. *Manetti-Farrow, Inc. v. Gucci Am., Inc.,* 858 F.2d 509, 513 (9th Cir. 1988); *Stewart*, 487 U.S. at 32; *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000). Notably, the Supreme Court rejected the argument that state law governs a motion to transfer venue pursuant to a forum selection clause, explaining that "federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause." *Stewart*, 487 U.S. at 32.

Audeamus asserts this matter is "on all fours" with *Vita Planning & Landscape Architecture, Inc. v. HKS Architects, Inc.,* 240 Cal.App.4th 763 (2015). (Doc. 27 at 4.) Though the *Vita* court held the forum selection clause unenforceable under Section 410.42, it was bound by the state law, unlike here. Under both Supreme Court and Ninth Circuit precedent, the Court is not precluded by Section

410.42 from enforcing the forum selection clause. *See Stewart*, 487 U.S. at 32; *Manetti-Farrow,* 858 F.2d at 513.

### 2. Other public policy concerns

Baxter asserts, "The law chosen by the parties, which is that of the State of Iowa, is not contrary to any 'fundamental policy' of California that would play a part in deciding Plaintiff's claims. There is no fundamental public policy in California requiring the application of California law to Plaintiff's breach of contract, recovery on lien release bond, or other money damage claims." (Doc. 17 at 25.) Audeamus does not identify any public policy concerns and there do not appear to be any. Further, there is no evidence that the laws of Iowa would be unfavorable to Audeamus. (*See* Doc. 27 at 5.) Thus, Audeamus fails to identify public policy concerns that would mandate the action remaining in the state of California.

## IV. Conclusion and Order

Because Audeamus did not meet its burden of showing that transfer is unwarranted, transfer to the Southern District of Iowa is appropriate. *See Atl. Marine*, 571 U.S. at 63. Based upon the foregoing, the Court **ORDERS:**

1. Defendant Baxter's motion for transfer of venue (Doc. 17) is **GRANTED**; and
2. The matter is **TRANSFERRED** to the United States District Court for the Southern District of Iowa.

IT IS SO ORDERED.

Dated: **February 28, 2022**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE